UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGIA MCMULLEN,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | Case No. 1:22-cv-101-SNLJ |
| ) | |
| MISSOURI SCHOOLS FOR THE            ) | |
| SEVERELY  DISABLED, et al.,            ) | |
| ) | |
| Defendants.            ) | |

## MEMORANDUM AND ORDER

Plaintiff Georgia McMullen brought this employment discrimination lawsuit against defendants Missouri Schools for the Severely Disabled, the Missouri Department of Elementary & Secondary Education, and Parkview State School (collectively, "defendants").  Defendants moved to dismiss [Doc. 6].  Plaintiff did not respond to the motion to dismiss, and the time for doing so has passed.

I.     **Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true.  Plaintiff, who is African American and over the age of 60, worked for over 20 years as a teacher's aide at the Parkview State School in Cape Girardeau, Missouri.  Plaintiff retired from Parkview State School and became employed by non-party First Student Management, LLC as a school bus monitor for school buses providing services to Parkview.  Although plaintiff was paid by First Student Management, LLC, plaintiff's work as bus monitor was controlled by Parkview.  Plaintiff alleges she was

actually employed by Parkview as a borrowed employee. Parkview directed First Student Management, LLC to not use plaintiff as a school bus monitor on its school buses on May 12, 2021. Because First Student Management had no other jobs available, plaintiff's employment ended. Defendants Parkview and Missouri Schools for the Severely Disabled ("MSSD") allegedly informed plaintiff that she was being dismissed because of an incident involving a student on a bus, plus plaintiff states that the decision was pretextual and based upon information known by Parkview to be false. Plaintiff claims that the decision to remove plaintiff as a school bus monitor was based on plaintiff's race and age. Plaintiff filed charges of discrimination against Parkview and MSSD with the Missouri Commission on Human Rights and the Equal Opportunity Commission and received a Right to Sue letter. She then filed this lawsuit alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), and the Missouri Human Rights Act ("MHRA").

**II.     Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to

the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

      Defendants moved to dismiss the complaint, arguing that plaintiff has failed to state a claim under Title VII, the ADEA, and the MHRA. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Similarly, "[t]o state a claim for race discrimination under the MHRA, Plaintiff must allege facts to support an allegation that he was discharged because of his race." *Godfrey v. Clayco Inc.,* 4:20-CV-912 RLW, 2021 WL 2915068, at *3 (E.D. Mo. July 12, 2021). Race must be a motivating factor leading to termination and must have had a "determinative influence on the adverse decision or action." *Id.* (quoting Mo. Rev. Stat. § 213.101(19)).

The ADEA prohibits discrimination based on age with respect to compensation, terms, conditions, or privileges of employment. *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.,* 421 F.3d 649, 653 (8th Cir. 2005). "To establish a prima facie case of age discrimination under the MHRA, a plaintiff must show that he is a member of a protected age group, that he met applicable job qualifications, that he was discharged, and that he was subsequently replaced by a younger employee." *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.,* 444 F.3d 961, 965 (8th Cir. 2006).

To prevail on her claims, plaintiff must either show direct evidence of discrimination or sufficient indirect evidence creating an inference of discrimination under the *McDonnell Douglas* burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.,* 822 F.3d 431, 435 (8th Cir. 2016). In the absence of direct evidence of discrimination, plaintiff must show she is a member of a protected class, qualified, suffered an adverse employment action, and provide facts giving rise to the inference of unlawful discrimination. *Robinson v. Am. Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014). *See also Williams v. FedEx*, 4:21-CV-00980-PLC, 2022 WL 179232, at *3 (E.D. Mo. Jan. 20, 2022) (dismissing ADEA claim where plaintiff failed to assert any facts connecting his age to an adverse employment action taken against him); *Kenefick v. Francis Howell Sch. Dist.*, 4:13CV694 TIA, 2013 WL 6000459, at *2 (E.D. Mo. Nov. 12, 2013), *aff'd*, 574 Fed. Appx. 745 (8th Cir. 2014) (dismissing complaint containing no facts supporting plaintiff's claim of employment discrimination based on race, color, religion, gender, or national origin).

4

Defendants argue, and this Court agrees, that plaintiff has provided no facts giving rise to the inference of unlawful discrimination.  Plaintiff generally alleges that there was a false report involving her and a student on the bus that led to her dismissal, but she alleges nothing regarding how her dismissal was instead actually based on, connected to, or motivated by her race and age.  Although plaintiff does allege she was successfully employed by defendants for twenty years before her retirement, such an allegation fails to suggest how defendants later discriminated against her on the basis of race and age.

Plaintiff's complaint must therefore be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. 6] is GRANTED.

Dated this 3rd day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE