UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGIA MCMULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-101-SNLJ |
| ) | |
| MISSOURI SCHOOLS FOR THE ) | |
| SEVERELY DISABLED, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Georgia McMullen brought this employment discrimination lawsuit against defendants Missouri Schools for the Severely Disabled, the Missouri Department of Elementary & Secondary Education, and Parkview State School (collectively, "defendants").  Defendants moved to dismiss [Doc. 17].  Plaintiff responded, but defendants did not file a reply memorandum, and the time for doing so has passed.

**I.      Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the amended complaint are presumed true.  Plaintiff, who is African American and over the age of 50, worked for over 20 years as a teacher's aide at the Parkview State School in Cape Girardeau, Missouri.  Plaintiff retired from Parkview State School and became employed by non-party First Student Management, LLC as a school bus monitor for school buses providing services to Parkview.  Although plaintiff was paid by First Student Management, LLC, plaintiff's work as bus monitor was controlled by Parkview.  Plaintiff

alleges she was actually employed by Parkview as a borrowed employee. Parkview directed First Student Management, LLC to not use plaintiff as a school bus monitor on its school buses on May 12, 2021. Because First Student Management had no other jobs available, plaintiff's employment ended. Defendants Parkview and Missouri Schools for the Severely Disabled ("MSSD") allegedly informed plaintiff that she was being dismissed because of an incident involving a student on a bus, but plaintiff states that the decision was pretextual and based upon information known by Parkview to be false. Plaintiff claims that the decision to remove plaintiff as a school bus monitor was based on plaintiff's race and age. She adds that two other employees were involved in the bus incident and that neither of those other employees, who were white, were terminated or disciplined.

Plaintiff filed this lawsuit alleging discrimination in violation, apparently, of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Missouri Human Rights Act ("MHRA"). Defendants moved to dismiss.

## II.     Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to

the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017).  A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Defendants moved to dismiss the complaint, arguing that plaintiff has failed to state a claim under Title VII, the ADEA[1], and the MHRA.  Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). Similarly, "[t]o state a claim for race discrimination under the MHRA, Plaintiff must allege facts to support an allegation that he was discharged because of his race." *Godfrey v. Clayco Inc.,* 4:20-CV-912 RLW, 2021 WL 2915068, at *3 (E.D. Mo. July 12, 2021). Race must be a motivating factor leading

---

[1] Defendants discuss the Age Discrimination in Employment Act ("ADEA"), but plaintiff does not raise that statute in her complaint.

to termination and must have had a "determinative influence on the adverse decision or action." *Id.* (quoting Mo. Rev. Stat. § 213.101(19)).

The ADEA prohibits discrimination based on age with respect to compensation, terms, conditions, or privileges of employment. *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.,* 421 F.3d 649, 653 (8th Cir. 2005). "To establish a prima facie case of age discrimination under the MHRA, a plaintiff must show that he is a member of a protected age group, that he met applicable job qualifications, that he was discharged, and that he was subsequently replaced by a younger employee." *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.,* 444 F.3d 961, 965 (8th Cir. 2006).

To prevail on her claims, plaintiff must either show direct evidence of discrimination or sufficient indirect evidence creating an inference of discrimination under the *McDonnell Douglas* burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.,* 822 F.3d 431, 435 (8th Cir. 2016). In the absence of direct evidence of discrimination, plaintiff must show she is a member of a protected class, qualified, suffered an adverse employment action, and provide facts giving rise to the inference of unlawful discrimination. *Robinson v. Am. Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

Defendants argue that plaintiff has provided no facts giving rise to the inference of unlawful discrimination. Defendants made the same argument in their motion to dismiss plaintiff's original complaint. In that complaint, plaintiff did not allege how her dismissal was based on, connected to, or motivated by her race and age. Plaintiff's amended complaint <u>does</u> allege facts giving rise to an inference of unlawful

4

discrimination based on race: she alleges that two white employees were involved in the altercation cited as the reason for her termination, and those white employees were not disciplined at all. "One common way to show pretext is with evidence that other similarly situated individuals who were not in the plaintiff's protected class engaged in the same conduct but were treated differently." *Russell v. City of Kansas City, Missouri*, 414 F.3d 863, 868 (8th Cir. 2005). Plaintiff has thus sufficiently alleged facts giving rise to the inference of race discrimination.

However, plaintiff's allegations about her age still do not include facts giving rise to the inference that plaintiff was terminated due to her age. Unlike the allegations about similarly-situated white employees not suffering any discipline, plaintiff alleges nothing about their age or how her termination related to her age. Her age discrimination claim will therefore be dismissed.

Plaintiff requests leave to file an amended complaint should either of her claims be dismissed. This Court will allow plaintiff to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. 17] is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that plaintiff's claim for age discrimination is DISMISSED without prejudice.

**IT IS FINALLY ORDERED** that plaintiff shall have until February 15, 2023 to file an amended complaint if she seeks to reinstate her claim for age discrimination.

Dated this  27th  day of January, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE